UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
CASE No. 4:25-CV-00053

JOHN S. GAY,

   Plaintiff,

v.

CENTURION LLC MEDICAL
COMPANY, *et al.*,

   Defendants.
_____/

## DEFENDANT, CENTURION OF FLORIDA, LLC'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT

Defendant, Centurion of Florida, LLC[1] (hereinafter "Centurion"), by and through its undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6) and 8(a), hereby files its Motion to Dismiss Plaintiff's Third Amended Complaint [ECF No. 24] for failure to state a cause of action, as Plaintiff's claims against Centurion still fail to allege any specific policy or procedure violative of any Constitution right, and otherwise fail to properly allege sufficient facts to state a cause of action. Centurion further states as follows:

---

[1] Plaintiff incorrectly names "Centurion LLC Medical Company" as a named Defendant in this action.

CASE No. 4:25-CV-00053

## **PROCEDURAL HISTORY**

Centurion remains a named Defendant in this civil action filed by Plaintiff on October 3, 2024, which was initially in the Second Judicial Circuit in and for Leon County Florida, Case No. 2024-CA-001656, but removed to this Court in light of Plaintiff's attempt to bring a "civil rights" claim against Centurion and two medical providers Plaintiff claims are employed by Centurion. (*See generally* Centurion's Notice of Removal [ECF No. 1]). Plaintiff's initial complaint also cited to 28 U.S.C. Section 1331 and 28 U.S.C. Section 1343 as a basis for jurisdiction, as well as to the First, Eighth, and Fourteenth Amendments of the United States Constitution. (*See generally* Compl.). Notably, Plaintiff filed a related action against Centurion in this District on July 17, 2023, CASE NO. 3:23-cv-00832-MMH-JBT, which was dismissed by court order dated December 11, 2023, and further prompting Centurion's removal of the matter to federal court.

Shortly after Centurion removed the matter, the Court conducted a screening of the pleadings and papers and concluded the notice of removal was appropriate under 28 U.S.C. section 1441(b). (*See* Order dated Feb, 10, 2025 [ECF No. 5]). Upon review of the deficiencies in Plaintiff's initial pleading, the Court's Order further provided Plaintiff an opportunity to amend and advised Plaintiff's must: (1) "present all relevant facts in one document"; (2) "submit his amend complaint on [a civil rights complaint] form"; (3) "state all relevant facts in short, separately

2

numbered paragraphs as required by Federal Rule of Civil Procedure 10(b)"; and (4) "contain Plaintiff's original signature". (*Id.* p. 3). Plaintiff has since filed several amendments (sometimes without leave of Court), culminating in the operative complaint — the Third Amended Complaint. Like the pleadings before it, Plaintiff still fails to bring a cause of action against Centurion.

## **BACKGROUND[2]**

This matter general arises from Plaintiff's claims regarding the quality and timeliness of medical treatment during his incarceration at the Columbia Correctional Institution Annex ("Columbia"). (*See generally* 3d Am. Compl.). Plaintiff, John S. Gay, is a *pro se* inmate incarcerated by the FDC, and loosely claims the named Defendants violated his 8th and 14th Amendment rights. (*See generally id.*). He also generally claims Centurion (and its Co-Defendants) showed deliberate indifference to his medical needs. (*See generally id.*).

According to Plaintiff, he suffered a stroke during his incarceration over a two (2) day period of November 13–14, 2022. (*See id.* ¶¶ 2–14). Plaintiff loosely claims nurses at the facility ignored his health and (for some unexplained reason) refused him treatment (notwithstanding the fact he acknowledges otherwise receiving

---

[2] The allegations in the Third Amended Complaint are given the presumption of truth solely for the purposes of resolving the present Motion, as required by the Federal Rules of Civil Procedure. Otherwise, Centurion does not agree with the facts as presented by Plaintiff's Third Amended Complaint.

treatment at various points, including ongoing physical therapy and speech therapy treatment). (*See generally id.*). Plaintiff claims these nurses — Co-Defendants Scott and Hricz — were employed by Centurion. (*See generally id.*).

More specifically, Plaintiff alleges someone named Ms. Martin called in a medical emergency for Plaintiff at 7:00 am on November 13, 2022, and then again at 8:00 am, at which point Plaintiff walked to medical with assistance. (*See id.* ¶¶ 1–2). According to Plaintiff, he was in a "critical stroke condition," but when Scott and Hricz observed him they "stated he's not having a stroke" and send him back to his dormitory. (*Id.* ¶ 2). An hour later, Plaintiff returns to medical for the 3rd time, and is once again told by the two nurses that he is not having a stroke and os sent back to his cell. (*Id.* ¶ 3). An hour after that, at 10:00 am, Plaintiff claims Officer Martin and another security officer (Mr. Carter) contact "one of the nurses" on the phone and returned Plaintiff to medical, where his blood pressure was taken and the nurses believed (due to Plaintiff's elevated blood pressure) that Plaintiff had simply failed to take his blood pressure medications. (*Id.* ¶ 4). This back and forth happened again after lunch, with Plaintiff being taken up to medical and sent down to his dormitory. (*See id.* ¶¶ 5–7). Plaintiff claims he was sent to medical on Ms. Martin's orders the next morning, November 14, 2022, at 8:30 am, but the two nurses on duty refused to see him. (*See id.* ¶¶ 5–7). At some point that morning, a medical staff officer (Ms. Johnson) allegedly became involved and took Plaintiff back to medical,

where the Co-Defendant nurses purportedly accused Plaintiff of "faking a stroke to receive a transfer from here." (*Id.* ¶¶ 12–13).  Then, at 3:30 pm on November 14, 2022, Plaintiff saw an unspecified doctor at the facility, and an outside transport was called because of Plaintiff's high blood pressure (at which point he was also given blood pressure medication).  (*See id.* ¶ 14).  Plaintiff concludes he recitation of "facts" with a claim that one of the individual Co-Defendants forged unspecified documents.  (*See id.* ¶ 15).

Plaintiff still fails to state a cause of action against Centurion.  Plaintiff is trying to bring claims for purported Constitutional violations under 42 U.S.C. Section 1983 and deliberate indifference to his medical needs.  But, overall, the Third Amended Complaint remains a mix-up of often conclusory facts raised against multiple defendants without specificity, clarity, or cohesion.  (*See generally id.*).  Even for a *pro se* Plaintiff, the rules require more.

## **MEMORANDUM OF LAW**

Courts must liberally construe all pleadings submitted by a *pro se* litigant.  *See Jarzynka v. St. Thomas Univ. of Law*, 310 F. Supp. 2d 1256, 1264 (S.D. Fla. 2004). Notwithstanding such leniency, courts cannot rewrite a deficient pleading for the sake of sustaining an action.  *Id.* (quoting *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F. 3d 1359, 1369 (11th Cir. 1998)).  When determining whether a *pro se* litigant has stated a claim, "the court ought not penalize the litigant for

linguistic imprecision in the more plausible allegations" while keeping in mind that "wildly implausible allegations in the complaint should not be taken to be true." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008).

**A.     Legal Standards**

   *1.     Federal Rule of Civil Procedure 8(a)*

To state a claim for relief, a pleading must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." FED. R. CIV. P. 8. Thereunder, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]o state a plausible claim for relief, the plaintiff[] must plead 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1268 (11th Cir. 2009), *abrogated on other grounds by Mohamad v. Palestinian Auth.*, 132 S. Ct. 1702 (2012) (quoting *Iqbal*, 556 U.S. at 678).

Even under the somewhat liberal rubric afford to *pro se* litigants, Plaintiff's Third Amended Complaint fails to meet these standards. It is littered with generalized allegations, conclusory statements of the elements, attempted legal

argument, and does not include sufficient factual claims to permit Centurion to deduce what specific factual allegations potentially violative of Plaintiff's rights are directed to Centurion. The Third Amended Complaint "is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised," *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (citation omitted), and so dismissal with prejudice pursuant to Rule 8 is warranted.

    2.    *Federal Rule of Civil Procedure 12(b)(6)*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555).

Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). To meet this "plausibility standard," a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556).

When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997). Plaintiff still has not stated a plausible cause of action against Centurion, warranting dismissal with prejudice.

**B.     Argument**

    *1.     Plaintiff's Third Amended Complaint fails to satisfy Rules 8(a) and should be dismissed.*

Even giving Plaintiff latitude as a *pro se* plaintiff, his Amended Complaint still fails to satisfy the Rules of pleading to such a degree that dismissal is warranted. "[E]xperience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *See Anderson v. Dist. Bd. of Trustees of Central Fla. Comm. College*, 77 F.3d 366–67 (11th Cir. 1996). Where plaintiffs assert multiple causes of action, if properly drafted, each cause of action must be set out in a separate count, and done so with such clarity and precision that the defendant will be able to discern what each plaintiff is claiming and to frame a responsive pleading. *Id.*

Here, Plaintiff has filed a lawsuit making conclusory and unspecified claims against Centurion (and other Defendants). (*See generally* 3d Am. Compl.). Plaintiff has loosely cited to the 8th, and 14th Amendments of the United States

Constitution, federal case law, and deliberate indifference to medical needs. (*See generally* 3d Am. Compl.). However, at best, Plaintiff merely uses legal conclusions and argument in a failed attempt to claim Centurion specifically violated these laws and acted with deliberate indifference. (*See generally id.*).

Stated differently, Plaintiff's sparse factual allegations and conclusory statements of law fail to provide the appropriate notice to Centurion. Plaintiff has not appropriately averred which duties have been violated, or which facts may support said purported violations for Centurion.

> 2. *Plaintiff's Third Amended Complaint fails to state a claim for relief against Centurion, as Plaintiff fails to allege any specific Centurion policy, custom, or practice was the moving force behind any violation of his constitutional rights.*

Plaintiff once again fails to plead deliberate indifference against Centurion. "Where a function which is traditionally the exclusive prerogative of the state . . . is performed by a private entity, state action is present" for purposes of Section 1983. *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985) (citations omitted). Indeed, "when a private entity . . . contracts with a county to provide medical services to inmates, it performs a function traditionally within the exclusive prerogative of the state" and "becomes the functional equivalent of the municipality" under section 1983. *Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir. 1997). Critically, "liability under § 1983 may not be based on the doctrine of respondeat superior." *Grech v. Clayton Cnty., Ga.*, 335 F.3d 1326, 1329 (11th Cir. 2003) (en banc). *See*

9

*also Craig v. Floyd Cnty., Ga.*, 643 F.3d 1306, 1310 (11th Cir. 2011); *Denham v. Corizon Health, Inc.*, Case No. 6:13-cv-1425-Orl-40KRS, 2015 WL 3509294, at *3 n.1 (M.D. Fla. June 4, 2015) ("[W]hen a government function is performed by a private entity like Corizon, the private entity is treated as the functional equivalent of the government for which it works.") (citation omitted), *aff'd* (11th Cir. Jan. 13, 2017).

Where a deliberate indifference medical claim is brought against an entity, such as Centurion, based upon its functional equivalence to a government entity, the assertion of a constitutional violation is the first hurdle in a plaintiff's case. This is so because liability for constitutional deprivations under Section 1983 cannot be based on the theory of respondeat superior. *See Craig*, 643 F.3d at 1310 (quoting *Grech*, 335 F.3d at 1329); *see also Denno v. Sch. Bd. Of Volusia Cnty.*, 218 F.3d 1267, 1276 (11th Cir. 2000). Instead, such an entity may be liable in a Section 1983 action "only where the [government entity] itself causes the constitutional violation at issue." *Cook ex. rel. Estate of Tessier v. Sheriff of Monroe Cnty., Fla.*, 402 F.3d 1092, 1116 (11th Cir. 2005) (citations omitted). Thus, a plaintiff must establish that an official policy or custom of the government entity was the "moving force" behind the alleged constitutional deprivation. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 693-94 (1978).

In *Monell*, the United States Supreme Court held that local governments can be held liable for constitutional torts caused by official policies. But, such liability is limited to "acts which the [government entity] has officially sanctioned or ordered." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986). Under *Monell*, a plaintiff also must allege that the constitutional deprivation was the result of "an official government policy, the actions of an official fairly deemed to represent government policy, or a custom or practice so pervasive and well-settled that it assumes the force of law." *Denno*, 218 F.3d at 1276 (citations omitted); *see also Hoefling v. City of Miami*, 811 F.3d 1271, 1279 (11th Cir. 2016) (stating *Monell* "is meant to limit § 1983 liability to 'acts which the municipality has officially sanctioned or ordered'"; adding that "[t]here are, however, several different ways of establishing municipal liability under § 1983").

"A policy is a decision that is officially adopted by the [government entity] or created by an official of such rank that he or she could be said to be acting on behalf of the [government entity]." *Sewell v. Town of Lake Hamilton*, 117 F.3d 488, 489 (11th Cir. 1997) (citation omitted). The policy requirement is meant to "'distinguish acts of the [government entity] from acts of employees of the [government entity], and thereby make clear that [governmental] liability is limited to action for which the [government entity] is actually responsible.'" *Grech*, 335 F.3d at 1329 n.5 (quotation and citation omitted). Thus, governmental liability only arises under

Section 1983 where "'a deliberate choice to follow a course of action is made from among various alternatives'" by governmental policymakers. *City of Canton v. Harris*, 489 U.S. 378, 389 (1989) (quoting *Pembaur*, 475 U.S. at 483–84). Not surprisingly, a government entity (or a private company acting in a traditionally governmental capacity) seldom has an official policy permitting a particular constitutional violation, so in order to state a cause of action for damages under Section 1983, most plaintiffs must demonstrate that the entity has a custom or practice of permitting the violation. *See Grech*, 335 F.3d at 1330; *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004). A custom is an act "that has not been formally approved by an appropriate decisionmaker," but that is "so widespread as to have the force of law." *Bd. Of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 404 (1997) (citation omitted). The Eleventh Circuit has further defined "custom" as "a practice that is so settled and permanent that it takes on the force of law" or a "persistent and wide-spread practice." *Sewell*, 117 F.3d at 489. Additionally, "[t]o hold the [government entity] liable, there must be 'a direct causal link between [its] policy or custom and the alleged constitutional deprivation.'" *Snow ex rel. Snow v. City of Citronelle*, 420 F.3d 1262, 1271 (11th Cir. 2005) (quotation omitted).

Further, "[a] single incident of a constitutional violation is insufficient to prove a policy or custom . . . ." *Scott v. Dixon*, No. 3:22-CV-679-MMH-PDB, 2023

WL 4743692, at *7 (M.D. Fla. July 25, 2023) (quoting *Craig v. Floyd Cnty., Ga.*, 643 F.3d 1306, 1311 (11th Cir. 2011)).  As noted by the Eleventh Circuit:

> In order for a plaintiff to demonstrate a policy or custom, it is generally necessary to show a persistent and wide-spread practice.  Normally, random acts or isolated incidents are insufficient to establish a custom or policy but instead the incident must result from a demonstrated practice.

*Est. of Hand by & through Hand v. Fla. Dep't of Corr.*, No. 21-11542, 2023 WL 119426, at *6 (11th Cir. Jan. 6, 2023) (internal citations and quotations omitted).

Here, any Section 1983 liability attaching to Centurion must be based on its functional equivalence to the government entity responsible for providing medical care and services to inmates.  Consequently, a specific policy or custom must be demonstrated.  However, Plaintiff's Third Amended Complaint references only a generalized, conclusory, and illogical violative purported policy of Centurion (i.e., that a "medical emergency is anything but a stroke").  Not only is this an unspecific, unsupported purported policy (which also defies common sense), but Plaintiff fails to allege any acts to support his incident was anything but a one-time, isolated incident. (*See generally* 3d Am. Compl.).  Further, he still fails to express how this supposed policy deprived Plaintiff of any right contracted with the FDOC to provide healthcare within the prison system. (*See generally* 3d Am. Compl.).  Plaintiff fails to allege any facts showing Centurion itself violated his federal constitutional rights or caused a violation of his constitutional rights. Plaintiff has asserted no facts

13

supporting that a policy, custom, or practice of Centurion was the moving force behind any violation of his constitutional rights. Once again, Plaintiff's key basis for his claim against Centurion appears to be for the vicarious liability of two purported employees. But, this is insufficient to state a claim for deliberate indifference to medical needs against Centurion. Plaintiff's Third Amended Complaint against Centurion should be dismissed.

## Local Rule 7.1(F) Certification

Undersigned counsel hereby certifies this Motion to Dismiss and supporting memorandum of law contains 3162 words (exclusive of the case style, signature block, certificate of service, and this certification.

Respectfully submitted this 23rd day of May 2025,

/s/ Carlos A. Garcia
Carlos A. Garcia, Esquire
Florida Bar No. 99768
cagarcia@wickersmith.com
WICKER SMITH O'HARA MCCOY & FORD, P.A.
*Attorney for Centurion*
515 E. Las Olas Boulevard
SunTrust Center, Suite 1400
Ft. Lauderdale, FL 33301
Phone: (954) 847-4800
Fax: (954) 760-9353
ftlcrtpleadings@wickersmith.com

CASE No. 4:25-CV-00053

## **CERTIFICATE OF SERVICE**

      WE HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on May 23rd 2025, and the foregoing document is being served this day on *pro se* Plaintiff, John Gay (DC# 882614) at Columbia Correctional Institute (Annex), 216 SE Corrections Way, Lake City, Florida 32035 ~ ***Via Certified Mail***, ***9414 8149 0226 9393 6171 56***

                                    */s/ Carlos A. Garcia*
                                    Carlos A. Garcia, Esquire