IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF FLORIDA

TALLAHASSEE DIVISION

JOHN S. GAY,

   Plaintiff,

v.

CENTURION OF FLORIDA, LLC,

KAYLA SCOTT, RN, and

JOHN HRICZ, RN,

   Defendants.

Case No. 4:25-cv-00053-AW-MAF

**DEFENDANTS KAYLA SCOTT, RN, AND JOHN HRICZ, RN'S**

**MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**

**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

1


FILED USDC FLND TL
DEC 1 '25 PM 4:20

Defendants Kayla Scott, RN, and John Hricz, RN ("Defendants"), appearing pro se, move to dismiss Plaintiff John S. Gay's Third Amended Complaint (ECF No. 24) for failure to state a claim upon which relief can be granted and state as follows:

## I. INTRODUCTION

Plaintiff filed a Third Amended Complaint alleging that Defendants, two registered nurses at Columbia Correctional Institution, were deliberately indifferent to his medical needs on November 13–14, 2022. Defendants deny those allegations and seek dismissal of all claims under Federal Rule 12(b)(6) because the complaint, even if accepted as true, fails to state a constitutional or legally sufficient claim.

## II. APPLICABLE STANDARD

A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). Conclusory allegations and mere labels are insufficient under Federal Rule of Civil Procedure 8.

## III. ARGUMENT

1. Plaintiff fails to allege facts showing deliberate indifference.

   Plaintiff claims that on November 13–14, 2022, while incarcerated at Columbia Correctional Institution, he complained of stroke-like symptoms. He alleges that Defendants evaluated him several times, took his blood pressure, determined he was not having a stroke, and sent him back to his dormitory before a physician later examined him and ordered hospital transport. These allegations show that Plaintiff was repeatedly

   evaluated and treated; they describe a disagreement over medical judgment or possible negligence, not the deliberate refusal of care required for an Eighth-Amendment violation.

2. Defendants are entitled to qualified immunity.

   Even accepting Plaintiff's facts as true, no clearly established law in the Eleventh Circuit holds that the described conduct violates the Eighth Amendment.

3. Plaintiff fails to plead causation or damages attributable to these Defendants.

   In the Third Amended Complaint, Plaintiff describes a series of events on November 13–14, 2022, and alleges that multiple individuals at the institution were involved in responding to his reported symptoms. However, the Complaint does not include non-conclusory factual allegations showing that either Defendant's specific conduct caused a distinct injury. Although Plaintiff asserts that he ultimately suffered two strokes, he does not allege facts identifying how any particular action or omission by either Defendant resulted in a new injury, a worsening of his condition, or any separate harm beyond his underlying medical issues.

   Instead, the Complaint states generalized conclusions regarding causation without factual detail linking those conclusions to either Defendant. Without factual allegations connecting either Defendant to a concrete injury or measurable damages, the pleading does not satisfy the causation requirement necessary to state an individual-capacity claim.

4. Any state-law medical negligence claim is barred for failure to comply with Fla. Stat. §§ 766.106 and 766.203 (presuit screening and expert affidavit).

## IV. CONCLUSION

Because the Third Amended Complaint fails to state a plausible constitutional or state-law claim and further amendment would be futile, Defendants respectfully request that the Court dismiss all claims against them with prejudice and grant such other relief as the Court deems appropriate.

Dated: November 12, 2025

Respectfully submitted,

_Kayla M Scott, RN_

Kayla Scott, RN

Defendant, pro se

11247 San Jose Blvd Apt 518

Jacksonville, FL 32223

904-518-8816

Kaylamhricz@gmail.com

_John M Hricz III, RN_

John Hricz, RN

Defendant, pro se

11247 San Jose Blvd Apt 518

Jacksonville, FL 32223

904-755-4226

Johnmhricz@gmail.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion to Dismiss was mailed to Plaintiff John S. Gay, DC# 882614, Columbia Correctional Institution Annex, 216 SE Corrections Way, Lake City, FL 32025, on November 12, 2025.

_Kayla M Scott, RN_
Kayla Scott, RN

_John M Hricz, RN_
John Hricz, RN

John Ulricz
4247. San Jose BLVD apt 518
Jacksonville, FL  32223

Clerk of court
U.S. District Court
Northern District of Florida
Tallahassee Division
111 North Adams Street
Tallahassee, FL. 32301

Retail
U.S. POSTAGE PAID
PME
SAINT JOHNS, FL 32259
NOV 28, 2025
32301
$33.40
RDC 07
S2324K504250-32




PRESS FIRMLY TO SEAL






MAIL EXPRESS®

FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT

UNITED STATES POSTAL SERVICE®

PRIORITY MAIL EXPRESS®

EJ 275 601 415 US

**CUSTOMER USE ONLY**

FROM: (PLEASE PRINT)  PHONE (904) 755-4226

John Hricz
11247 San Jose Blvd apt 515
Jacksonville, FL 32223

DEC 0 1 2025

TO: (PLEASE PRINT)

Clerk of Court
U.S. District
Northern District of Florida
Tallahassee Division
111 North Adams Street, Tallahassee, FL

ZIP + 4® (U.S. ADDRESSES ONLY)
3 2 3 0 1

■ For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
■ $100.00 Insurance Included.

PEEL FROM THIS CORNER

To schedule free Package Pickup, scan the QR code.



USPS.COM/PICKUP



PS10001000006

EP13F October 2023
OD: 12 1/2 x 9 1/2






UNITED STATES POSTAL SERVICE®

LABEL 11-B, MARCH 2019   PSN 7690-02-000-9996