## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF FLORIDA

## TALLAHASEE DIVISION

### CASE NO.: 4:25-CV-00053

JOHN S. GAY

    Plaintiff,

V.

CENTURION OF FLORIDA, LLC,

KAYLA SCOTT. RN and,

JOHN HRICZ, RN.,

    Defendants   /

LEGAL MAIL PROVIDED TO COLUMBIA CORRECTIONAL INSTITUTION ON __1 15 2__ (DATE) FOR MAILING ___ STAFF INITIAL _J6_ I/M INITIAL

### "RESPONSE MOTION"

### PLAINTIFF'S MOTION TO DISMISS IN OPPOSITION TO DISMISS THE DEFENDANT'S MOTION AGAINST THE PLAINTIFF'S; THIRD AMEND COMPLAINT:

Pursuant To Federal Rule Of Civil Procedure: 12 (B) (6) and (8) a

Defendant's alleges that the plaintiff failed to cite any specific policy or procedure violative of any constitutional right, and otherwise failed to properly allege sufficient facts to state a cause of action: plaintiff further states as follows:

### PROCEDURAL HISTORY

1.) KAYLA SCOTT, RN and JOHN HRICZ, RN; both remains named defendant's in this civil action filed by the plaintiff working in the medical department: as the two providers on the two days 11/13/2022 and 11/14/2022; [and by court orders the plaintiff was given an opportunity to amend his complaint.]

1

FILED USDC FLND TL
JAN 22 '26 PM3:16

## Plaintiff Must:

**2.)** #1) present all relevant facts in one document.

#2) submit his third amend complaint on [a civil rights complaint] form.

#3) state all relevant facts in short, separately numbered paragraphs as required by federal rule of civil procedure 10 (b); and

#4) contain plaintiff's original signature. (Id.

## BACKGROUND

#1.)   Contrary to defendant's statement that this matter arises from plaintiffs' claims regarding the quality and timeliness of medical treatment during his incarceration at the Columbia Correctional Institution/ Annex.

#2.) Plaintiffs claim concerns the true fact that he was denied all medical treatment, period.

#3.)  Plaintiff states clearly that the both defendants not (1) one time [evaluated] him during his (7) seven medical emergencies and sent back to his dormitory with no medical treatment until higher staff (MD. Ms. McQueen) stepped in.

#4.) Plaintiff suffered (2) strokes over a (2) two day period, and plaintiff does not "loosely" claim anything, but states the true facts the best a [pro se] litigant can.

#5.) The facts of the matter leading up to this claim are thus: Inmates and Officer Martin observed plaintiff not being his normal self and called in a medical emergency. Once plaintiff arrived at medical his complaint fell on [deaf ears] as both registered nurses (KAYLA SCOTT and JOHN HRICZ) repeatedly turned plaintiff away. At one point they claimed plaintiff was faking a stroke to acquire a transfer.

#6.)   However, (LPN) Ms. McQueen [not some unspecified doctor] examined plaintiff ('via EMT orders') and was further instructed to insert an IV; attach an EKG, and bring plaintiff blood-pressure down to normal.

#7.) The matter of plaintiff having suffered (2) two strokes arose after plaintiff was examined at the hospital by (2) two MD's.

2

#8.) The aforementioned is verifiable via medical documentation that will be available during discovery.

#9.) According to plaintiff he suffered a stroke during his incarceration over a (2) two day period of November 13-14, 2022

#10.) Plaintiff claims both RN's at the facility ignored his health and for some reason refused him treatment.

#11.) More specifically, plaintiff alleges Ms. Martin called in a medical emergency for plaintiff at 7:00 AM on November 13, 2022, and then again at 8:00 AM and had to be pushed down by staff officer Ms. A. Cook and assistance (inmate) to medical in a wheel chair.

#12.) Plaintiff states that he was in critical stroke condition, but when SCOTT and HRICZ observed him quickly they stated he's not having a stroke.

#13.) But a Lam officer who could tell he was stroked out just by looking at plaintiff (Him).

#14.) he was drooling out of his mouth, left eye was completely closed, his face was discolored, slurring of speech(mumbling).

#15.) And then documented by Ms. Martin, was sent away by the (2) two lazy RN's once again.

#16.) and then plaintiff, one hour later was returned to medical for the 3rd time, and is once again told by the (2) two nurses that he is not having a stroke, and sent away again.

#17.) An hour later, plaintiff returns to medical at 10:00 AM. Plaintiff claims officer martin and another security officer (Ma. Carter) contacted "one of the nurses" on the phone and returned plaintiff back to medical where plaintiffs blood pressure was taken and that's all the nurses then realized something was wrong. But nothing was done!

#18.) Sent back to the dorm; stated plaintiffs B/P was high; but stated because he probably didn't do his B/P medication, let him go lie down.

#19.) This back and forth happen again after lunch, but this time, Ms. Martin dorm officer had called for captain Banks to come to dorm P-2, inmate having a stroke. This was the beginning of the next day Nov. 14, 2022, at around 8:30 AM.

#20.) But when he got to medical, both RN's refused to see him.

#21.) But later, Ms. Martin, was fed up and contacted Ms. Johnson ,head of medical staff, and also made a call into the main security office to bypass the two lam RN's who refused to at all call in the medical doctor! <u>Rule: N.D. Fla. Loc. R. 7. 1 (H).</u>

## <u>MEMORANDUM OF LAW</u>

**1.)** Courts must liberally construe all pleadings submitted by pro se litigants. *See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).* Plaintiffs' third amended complaint, is Plaintiffs' good faith pro se attempt to litigate his issue.

2.) Although not drafted by a lawyer the pleading , however in-artfully drafted states a claim upon which relief may be granted and demonstrate to the best of plaintiffs ability, 'Centurions liability'.

3.) The defendant seems bent on belittling the plaintiff's ignorance of the law rather than seeing that justice is done.

#4.) Also, courts must liberally construe all pleading submitted by a pro se litigant. *(See Jarzynka v. St. Thomas Univ. of law, 310 f. sup.2d 1256, 1264)*

#5.) The court also should not penalize the litigant for the writing his pro se litigant state of claim, doing the best he can as a pro se, with 'No' law background what so ever. *(521. Oliver v. Keller, 289 f.3d 623, 628 (9th Cir. 2002):* accord Mansoori v. Shaw, No. 99 C 6155, 2002 U.S. dist. Lexis 11670, at* 11(N.D. Ill). (June 28, 2002).

6.) Stating: that injury need not be shown by objective evidence.

7.) Another claimed it didn't need to reads a long term motion on injury for physical injury requirement. *(See Glen v. Copeland, No. 5:02 cv. 158. Rs/n-d Fla. June 9, 2006)*

8.) "Presumably....any-physical injuries, even if short term, "(is sufficient)" to meet the statutory threshold.

9.) Injury short or long term, (visible damage); to body parts have been held to "(SATISFY)". SECTION 1997 e (e)

## A. LEGAL STANDARDS

### #1. Federal Rule Of Civil Procedure 8 (A)

#1 To state a claim for relief, a pleading must contain: (1) a short and plain statement of the grounds for the jurisdiction.

#2. Statement showing pleader is entitled to relief; and a demand for relief sought. Plaintiff submitted a complaint that cited sufficient factual matter that would allow the court to draw a reasonable inference that the defendants are liable for the misconduct alleged.

### #2. Federal Rule Of Civil Procedure 12 (b) (6)

#1) In deciding a rule 12 (b) (6) motion, the court must assume that every fact alleged in the complaint is true. It must draw all reasonable inferences from the allegations in plaintiffs favor. *(United States v. Gaubert, 499 U.S. 315,327 (1991))*

#2) A complaint that states a plausible claim for relief survives a motion to dismiss. Plaintiffs' pleading is clear enough to allow the court to draw the reasonable inference that the defendants are liable for the misconduct alleged.

## B. Argument

#1.) Plaintiff posits that contrary to defendants' statements, his complaint satisfies the rules of pleading and will not interfere with or cause the court's docket to become unmanageable and no litigants suffer; certainly not defendants with the vast amount of knowledge and resources available to defendants.

#2.) Plaintiff contends that his complaint does in fact include sufficient factual allegations to satisfy each element of plaintiffs claim.

#3.) Although Federal Rule of Civil Procedure 8(a) requires only a short and plain statement of the claim showing that the pleader is entitle to relief. Plaintiff's complaint offers move detailed allegations reiterated briefly below.

## SERIOUS MEDICAL NEED

#1.) Courts have defined "serious" in (2) two different ways. The first definition states that a medical need is "serious" when it has been diagnosed by a physician as mandating treatment or is so obvious that even a lay person would easily recognize the need for a doctor's attention.

#2.) Officer Martin, Officer Johnson, and several inmates, all "lay persons" were of the opinion that something "serious" was definitely wrong with plaintiff.

#3.) The assumptions of these lay persons was examined by a physician at the hospital his condition "warranted treatment", therefore, plaintiff had a serious "medical need".

#4.) The first definition states that a medical need is "serious" when it has been diagnosed by a physician as mandating treatment or is so obvious that even a lay person would easily recognize the need for a doctor's attention.

#5 In plaintiffs case it was a lay person that initiated and later persistently fought to get plaintiff help. Officer Martin visual inspection during a routine security check noticed that plaintiff was acting unusual. In fact, she observed that plaintiff looked ill and in pain.

#6.) Officer Martin notified medical of an emergency and began what would ultimately be (7) seven trips to medical before plaintiff was transported to the hospital where it was discovered that plaintiff had suffer (2) two strokes over a two day period.

## "THE SECOND DEFINITION SERIOUS MEDICAL NEED"

#1.) The second definition states that a serious medical need exists when the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.

6

#2.) The second definition was met when KAYLA SCOTT, and JOHN HRICZ, RN's, turned plaintiff away plaintiff later suffered another stroke for which plaintiff has been receiving "after care". Plaintiff is currently scheduled to undergo speech and physical therapy, and has significant pain and decreased mobility.

## OFFICIAL'S KNOWLEDGE OF NEED

#1.) *McEllvgut v. Foley, 182 f.3d 1248, 1256 (11th Cir. 1999)*, "inmates' nearly constant complaints about the pain....put doctor and nurse on notice of substantial risk of serious harm"

#2.) The defendants had ample knowledge of plaintiffs issue because they were put on notice by officer Martin, and others as plaintiff was taken to medical no less than (7) seven times to suffer what later was determined to be (2) two strokes at hospital; showed by MRI, and MD's clear statements.

## FAILURE TO PROVIDE TREATMENT

#1.)  The Supreme Court wrote the condition prohibits officials from "intentionally denying or delaying access to medical care *(Estelle, 429 U.S. 104-05,)*

#2.) RNs KAYLA SCOTT, and JOHN HRICZ, intentionally denied and/or delayed plaintiff medical treatment and even went so  far as to accuse plaintiff of faking what later determined to be a stroke by two qualified professional. *See Ancata v. Prison Health Serv., INC., 769 f.2d 700, 702 (11th Cir. 1985)*

## CAUSATION AND INJURY

#1.) Plaintiff was denied medical treatment on several occasions by RNs, KAYLA SCOTT, and JOHN HRICZ. "The Defendants denial likely cause plaintiff to suffer a preventable second stoke, and made plaintiffs condition to worsen. Plaintiff had to and still does endure pain of therapy and decrease health.

#2.) Finally, plaintiff starts that both KAYLA SCOTT, and JOHN HRICZ, Registered nurses, were employed and working at Columbia CI Annex, medical and were in attendance at all times relevant. Both RNs refused plaintiff and their reason for denying treatment was that plaintiffs' issue "was not a medical emergency".

#3.) The procedure for accessing medical is to submit a sick-call request and wait to be scheduled to see a nurse and later a doctor if needed to be. However, if you're suffering a serious medical issue, you're to declare a "medical emergency" and staff are supposed to see you "immediately".

#4.) The sick-call and medical emergencies are procedures policy or customs that is persistent and utilized throughout FDOC; therefore, it is a wide spread practice.

#5.) Defendants SCOTT and HRICZ provided medical services to inmates within FDOC. FDOC has contracted with Centurion to provide medical services to inmates, therefore, SCOTT and HRICZ are working under Centurion LLC.("also working under the color of state law")

#6.) Centurion adopted the sick-call and medical emergency customs, policy or procedure already in place because this is the way inmates in FDOC access medical for treatment and it was policy, etc., the defendants didn't follow up on.

## REQUESTED RELIEF

A.) State briefly what relief you seek from the court. Do not make legal arguments or cite to cases/statutes. If requesting money damages (either actual or punitive damages), Include the amount sought and explain the basis for the claims;

B.) Wherefore, plaintiff respectfully prays this Honorable court for entry of judgment awarding the following relief:

#1.) A declaration that the acts and omissions of the defendant described herein;

#2.) Violated Plaintiffs eighth and fourteenth amendment protection for cruel and unusual punishment through deliberate indifference;

#3.) For this Honorable court to award compensatory damages in the amount of $150,000 dollars against defendant KAYLA SCOTT, and JOHN HRICZ both in their individual capacity; and their official capacity.

#4.) Punitive damages in the amount of $5.000 dollars against KAYLA SCOTT and JOHN HRICZ, both in their individual and official capacity;

#5.) Nominal damages in the amount to be determined by the honorable judge assigned to plaintiffs case.

8

#6.) Recovery of all medical fees and cost of this action;

#7.) As a direct and proximate result of KAYLA SCOTT and JOHN HRICZ, the delay and/or denial of medical treatment, the deliberate indifference towards plaintiffs serious medical needs ultimately led to plaintiff suffering a second stroke unattended by medical staff;

#8.) The pain and disconfor4t as well as mental anguish, loss of capacity for the enjoyment of life are all in violation of plaintiff's eight and fourteenth amendment rights;

#9.) The losses are either permanent or continuing, and the plaintiff will suffer the losses in the future;

#10.) With full respect; any further relief this honorable court deems just, proper and equitable.

Plaintiff respectfully demands a trial on all issues capable of being tried. Trial was requested by demand on the §1983 civil law suit complaint. Third Amended Complaint

/S/ _John S. Gay_

JOHN S. GAY # 882614
Columbia CI Annex
216 SE Corrections Way
Lake City, Fla. 32025

CERTIFCATE OF SERVICE

I HEREBY CERTIFY: That ALL said In THIS MOTION To DISMISS IS True and Correct: To The Best of my Knowledge <u>Unds OATH</u>

/s/ John S. Gay
<u>John S. Gay</u>

This COPY IS FOR THE ClerK OF THE Court.

To File:

/s/ John S Gay
<u>John S Gay</u>
<u>JAN-8th-2026</u>

**FOR LEGAL USE ONLY**

Any other use of this paper will result in Disciplinary Action Per F.A.C. 33-601.314 (7-4)

JoHN S. GAY· 882614· T-2-107-L
Columbia CI· Annex
216 SE· Correctional waY
Lake city FL· 32025

MAILED FROM
COLUMBIA
CORRECTIONAL
INSTITUTION

FIRST-CLASS



US POSTAGE PITNEY BOWES

ZIP 32025 $ 003.28⁰
02 7W
0008042793 JAN 15 2026

JAN 2 2 2026

VERY· INPORANT
Documents

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
"OFFICE of THE CLERK"

III NORTH - ADAMS- STREET-SUITE-322
TALLAHASSEE, FL· 32301- 7717
official BUSINESS"

"CLERK of The COURT· PLEASE NOTICE".
IN side This One ENVelope IS TOTAL
of (3) Three moTions:

(1) COPY: for the Clerk of COURT To File:

(1) COPY: for the Defendant: "KaYla Scott· RN·"

(1) COPY: for the Defendant: JoHN HRICZ·RN·

RESPONSE · moTIONS

LEGAL MAIL



LEGAL MAIL PROVIDED TO
COLUMBIA CORRECTIONAL INSTITUTION
ON _____ (DATE) FOR MAILING
_____ STAFF INITIAL _____ I/M INITIAL