**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**JOHN S. GAY,**

      **Plaintiff,**

**v.**                                                      **Case No. 4:25-cv-53-AW-MAF**

**CENTURION LLC MEDICAL
COMPANY, et al.,**

      **Defendants.**

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING MOTION TO DISMISS

Plaintiff John Gay, a pro se prisoner, sued "Centurion LLC Medical Company" and others in state court, alleging Eighth Amendment violations. The claim was that Defendants provided inadequate medical care after Gay suffered a stroke. *See generally* ECF No. 1-1. The case was removed here, and the magistrate judge has conducted preliminary proceedings.

The operative complaint—the Third Amended—names Centurion and two individuals. ECF No. 24. Centurion has moved to dismiss, ECF No. 33, and the magistrate judge issued a report and recommendation concluding the court should grant the motion, ECF No. 89. Gay has not filed any objection to the report and recommendation. This order grants the motion to dismiss.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

1

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The claim against Centurion is a § 1983 claim. Although Centurion is a private entity, it becomes "the functional equivalent" of a government actor because it performs a function (prison medical services) "traditionally within the exclusive prerogative of the state." *Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir. 1997). But although Centurion can be sued under § 1983, the *Monell* limitation applies. *Id.* (citing *Monell v. Dep't of Social Servs. of N.Y.*, 436 U.S. 658, 690-91 (1978)). Under *Monell*, entities are not vicariously liable for their employees' negligence. Instead, a plaintiff must show that the defendant's policy or custom caused the injury. *Id.* That is where Gay falls short.

To be sure, Gay alleges that Centurion had "a custom or policy of deliberate indifference," that "Centurion and/or its agents or employees used and adopted policy/custom to deny Plaintiff treatment," and that "it was Centurion's custom, policy, procedure and/or practice to outright deny timely and adequate medical treatment." ECF No. 24 at 11-12, 14. But these are conclusory allegations not entitled to the assumption of truth. *See Iqbal*, 556 U.S. at 679.

2

In sum, Gay has not alleged sufficient facts to state a plausible claim against Centurion. Centurion's motion to dismiss (ECF No. 33) is GRANTED. Claims against Centurion are DISMISSED for failure to state a claim. The report and recommendation (ECF No. 89) is approved.

The magistrate judge will conduct further appropriate proceedings.

SO ORDERED on March 16, 2026.

s/ *Allen Winsor*
Chief United States District Judge

3