# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**JOHN S. GAY,**
**D.O.C. # 882614,**

      **Plaintiff,**

**vs.**                                                    **Case No. 4:25cv053-AW-MAF**

**KAYLA SCOTT, RN,**
**and JOHN HRICZ, RN,**

      **Defendants.**
_____/

## SECOND REPORT AND RECOMMENDATION[1]

This case was removed to this Court from state court on February 5,

2025.  ECF No. 1.  Plaintiff ultimately filed a third amended complaint

[hereinafter "complaint"], ECF No. 24, on May 6, 2025.  The two Defendant

nurses, Scott and Hricz, were served with process in October 2025, ECF

Nos. 69-70, and filed a motion to dismiss, ECF No. 82, on December 1,

---

[1] Previously, a Report and Recommendation, ECF No. 89, was entered on the motion to dismiss, ECF No. 33, filed by Defendant Centurion of Florida.  That Report and Recommendation was adopted, ECF No. 104, and Centurion was dismissed from this case in March 2026.

2025.  The pro se Plaintiff has filed a response in opposition to Defendants'

motion, ECF No. 98, and the motion is ready for a ruling.

**Allegations of the Complaint, ECF No. 24**

On November 13, 2022, Plaintiff was incarcerated at Columbia

Correctional Institution Annex.  ECF No. 24 at 5.  An officer doing rounds

noticed that "something was amiss" with Plaintiff as he was not sitting up,

and "immediately called medical emergency."  *Id.*  After 30 minutes without

a response to that call, the officer called for medical again.  *Id.*  When there

still was no response, the officer enlisted the help of three other inmates to

assist Plaintiff to medical.  *Id.*

Defendants Scott and Hricz "turned Plaintiff away stating that Plaintiff

was not having a stroke."  *Id.* at 5-6.  Defendant Scott claimed Plaintiff "was

faking a stroke in order to transfer."  *Id.* at 6.  Plaintiff alleged that the

Defendant nurses "refused to acknowledge" his "medical emergency"

seven separate times between November 13th and 14th.  *Id.* at 6.  Plaintiff

contends he "declared a medical emergency a total of seven times" during

that two day span, but each time, Defendants denied him treatment.  *Id.*

Eventually, ARPN McQueen saw Plaintiff and called an ambulance. ECF No. 24 at 6. At the hospital, it was determined that Plaintiff had suffered two strokes. *Id.* at 7.

Plaintiff alleges that Defendants Scott and Hricz acted with deliberate indifference to Plaintiff's serious medical needs by failing "to even physically examine" him. *Id.* at 9, 12. He points out that without the assistance of McQueen, he would have "faced much worse." *Id.* at 9; *see also id.* at 22.

Count II of the complaint is brought against Defendant Scott, and Count III is brought against Defendant Hricz. ECF No. 24 at 16-18. Both counts assert Eighth and Fourteenth Amendment claims for "failing to provide the necessary care and treatment in a timely manner." *Id.* at 16, 18. As relief, Plaintiff seeks a declaratory judgment, compensatory and punitive damages from the Defendant nurses who are sued in their individual capacities.

**Motion to Dismiss, ECF No. 82**

Defendants Scott and Hricz filed a joint motion to dismiss, ECF No. 82, in which they "deny" Plaintiff's complaint and seek dismissal under Rule 12(b)(6) because, "even if" Plaintiff's claims are "accepted as true," the

Case No. 4:25cv53-AW-MAF

complaint "fails to state a constitutional or legally sufficient claim."  *Id.* at 2.
Defendants also assert their entitlement to qualified immunity, and contend
that any state law claim for medical negligence is barred for failure to
comply with the pre-suit screening requirements under Florida law.  *Id.* at 3.

**Standard of Review**

The motion to dismiss was filed pursuant to Federal Rule of Civil
Procedure 12(b)(6).  In ruling on a Rule 12(b)(6) motion, the Court must
determine whether a complaint alleges "enough facts to state a claim to
relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S.
544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).  Detailed
factual allegations are not required, but Plaintiff must provide "more than
labels and conclusions, and a formulaic recitation of the elements of a
cause of action will not do."  Twombly, 550 U.S. at 555, 127 S. Ct. at 1964-
65.  Furthermore, the facts of a well-pleaded complaint must be accepted
as true and the case should proceed even if it appears "that actual proof of
those facts is improbable, and 'that a recovery is very remote and unlikely.'"
550 U.S. at 556, 127 S. Ct. at 1965 (citations omitted).

Pro se complaints are held to less stringent standards than those
drafted by an attorney.  Wright v. Newsome, 795 F.2d 964, 967 (11th Cir.

1986) (citing Haines v. Kerner, 404 U.S. 519, 520-521, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972)).  Nevertheless, a complaint must provide sufficient notice of the claim and the grounds upon which it rests so that a "largely groundless claim" does not proceed through discovery and "take up the time of a number of other people . . . ."  Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005) (quoted in Twombly, 550 U.S. at 558).  Thus, a motion to dismiss considers the legal sufficiency of a complaint, but does not determine whether the Plaintiff will ultimately prevail.  Swierkiewicz v. Sorema N. A., 534 U.S. 506, 511, 122 S. Ct. 992, 997, 152 L. Ed. 2d 1 (2002) (citing to Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)).

**Analysis**

The Eighth Amendment of the United States Constitution requires prison officials "to provide medical care for those whom it is punishing by incarceration."  Estelle v. Gamble, 429 U.S. 97, 103, 97 S. Ct. 285, 290, 50 L. Ed. 2d 251 (1976).  "An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met."  Estelle, 429 U.S. at 103, 97 S. Ct. at 290.  If an official is deliberately indifferent to a prisoner's serious medical needs, that official violates the

Case No. 4:25cv53-AW-MAF

Eighth Amendment's[2] prohibition against cruel and unusual punishment. *Id.* at 104, 97 S. Ct. at 291.

"To establish a deliberate indifference claim, a plaintiff must show: (1) a serious medical need; (2) the defendant's deliberate indifference to that need; and (3) causation between the defendant's indifference and the plaintiff's injury."  Goebert v. Lee Cnty., 510 F.3d 1312, 1326 (11th Cir. 2007) (cited in Roy v. Ivy, 53 F.4th 1338, 1346-47 (11th Cir. 2022)).  "The inmate must show that the public official acted with an attitude of 'deliberate indifference' by demonstrating three facts: (1) the defendant had subjective knowledge of a risk of serious harm; (2) the defendant disregarded that risk; and (3) the defendant's conduct was more than mere negligence."  McKeithen v. Jackson, 606 F. App'x 937, 939 (11th Cir. 2015) (citing to Brown v. Johnson, 387 F.3d 1344, 1351 (11th Cir. 2004)).  "Conduct that is more than mere negligence includes: (1) knowledge of a

---

[2] As a matter of clarification, Plaintiff asserted Eighth and Fourteenth Amendment claims, but he did not assert an independent Fourteenth Amendment claim.  The Fourteenth Amendment claim is construed only as making the rights contained in the Bill of Rights applicable to the actions of State officials.  Albright v. Oliver, 510 U.S. 266, 272, 114 S. Ct. 807, 812, 127 L. Ed. 2d 114 (1994); *see also* Timbs v. Indiana, 586 U.S. 146, 150, 139 S. Ct. 682, 687, 203 L. Ed. 2d 11 (2019) (noting that with only "a handful of exceptions," the Supreme Court "has held that the Fourteenth Amendment's Due Process Clause incorporates the protections contained in the Bill of Rights, rendering them applicable to the States").

serious medical need and a failure or refusal to provide care; (2) delaying treatment for non-medical reasons; (3) grossly inadequate care; (4) a decision to take an easier but less efficacious course of treatment; or (5) medical care that is so cursory as to amount to no treatment at all." McKeithen, 606 F. App'x at 939 (citing to McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999)).

The initial consideration is whether Plaintiff alleged a "serious medical need," an objective inquiry.  Taylor v. Adams, 221 F.3d 1254, 1257 (11th Cir. 2000); Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003).  Here, Plaintiff alleged that after he was taken by ambulance to an outside hospital, it was determined that Plaintiff had suffered two strokes.  It cannot seriously be disputed that a stroke is a serious medical need.[3]

Turning to the remaining elements, Plaintiff must show the Defendants had subjective knowledge of a risk of serious harm, but disregarded that risk with conduct that was "more than mere negligence."

---

[3] In the Eleventh Circuit, "a serious medical need is considered 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'"  Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir.1994) (quotation marks and citation omitted) (quoted in Farrow, 320 F.3d at 1243).  Plaintiff alleged that an officer doing rounds recognized Plaintiff was in need of medical attention.

As to those facts, Plaintiff alleged that his condition was noticed by an officer doing rounds who, as a lay person, could tell that "something was amiss." ECF No. 24 at 5. The officer immediately called for help with a "medical emergency," but Defendants failed to respond to that call. Plaintiff was taken to medical by the officer and three inmates, but Plaintiff alleged that Defendants Scott and Hricz turned him away, "stating that Plaintiff was not having a stroke" and was "faking" it for a transfer. *Id.* at 5-6. In all, Plaintiff alleged that they "refused to acknowledge" his medical emergency seven different times in a two-day span of time. Plaintiff's response to the motion to dismiss also asserts that Defendants "denied all medical treatment" to him over two days, "ignored his health and for some reason refused him treatment." ECF No. 98 at 2, 3.

Plaintiff's allegations could have been more clear by providing statements which explain his symptoms and physical condition,[4] but Plaintiff did provide several facts which support finding that Defendants, as medical professionals, were deliberately indifferent to his medical needs. That fact that a correctional officer - someone who presumably lacked

---

[4] In response to the motion to dismiss, Plaintiff said "he was drooling out of his mouth, left eye was completely closed, his face was discolored, slurring of speech" and mumbling. ECF No. 98 at 3.

medical training - was able to determine that Plaintiff needed medical assistance provides an inference that registered nurses should have also known of his need for medical care. Plaintiff alleged that a medical emergency was declared seven times by a correctional officer, *see* ECF No. 24 at 22, but Defendants refused to provide him treatment. When Plaintiff was seen by another medical professional, ARPN McQueen, he examined Plaintiff and called an ambulance. Viewing those facts together and accepting them as true, the undersigned concludes that Plaintiff has provided enough facts to survive the brief, bare bones motion to dismiss.

Defendants' motion argued that Plaintiff alleged he was evaluated by the Defendants "several times" but "determined he was not having a stroke, and sent him back to his dormitory . . . ." ECF No. 82 at 2. Those were not Plaintiff's allegations. Plaintiff alleged that Defendants never evaluated him or examined him. If accepted as true, as it must be at this stage, that fact alone, in combination with the fact that a correctional officer repeatedly sought medical attention for Plaintiff, supports the claim of deliberate indifference. Plaintiff's complaint indicates Defendants refused to provide him treatment, and that is conduct "that is more than mere negligence." McKeithen, 606 F. App'x at 939.

Case No. 4:25cv53-AW-MAF

It may be that the evidence of this case will ultimately show that Defendants evaluated Plaintiff but misdiagnosed his condition or simply failed to alleviate a significant risk that they "should have perceived but did not." Burnette v. Taylor, 533 F.3d 1325, 1331 (11th Cir. 2008); *see also* Campbell v. Sikes, 169 F.3d 1353, 1366-67 (11th Cir. 1999) (noting that a misdiagnosis is not sufficient for the subjective intent prong of deliberate indifference unless the defendant knowingly did so).  However, at the motion to dismiss stage of litigation, Plaintiff has alleged sufficient facts to state a claim, and he should be permitted to pursue discovery.  Thus, Defendants' motion to dismiss should be denied.

Notably, Defendants argued that they "are entitled to qualified immunity."  ECF No. 82 at 3.  However, it has been well established for 50 years that prisoners have a right to medical care.  *See* Estelle v. Gamble, 429 U.S. 97, 103, 97 S. Ct. 285, 290, 50 L. Ed. 2d 251 (1976).  The qualified immunity defense should be rejected.

Finally, Defendants argued that a state law claim for medical negligence must be dismissed for failure to comply with state law pre-suit procedures.  ECF No. 82 at 3.  Because Plaintiff did not allege anything

more than the Eighth Amendment claim for the denial of medical care, that argument should also be rejected.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that the motion to dismiss, ECF No. 82, be **DENIED**, and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on May 5, 2026.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**